# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY GANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-1084 |
| | ) | Judge Campbell |
| TENNESSEE PROBATE COURT FOR | ) | |
| THE SEVENTH CIRCUIT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a complaint to remove a pending state probate action to the district court. It also appears that the plaintiff is seeking relief under 28 U.S.C. § 1983 and § 1985(3). The plaintiff names the Tennessee Probate Court for the Seventh Circuit (the Probate Court) as the sole defendant to this action.

### Removal

The relevant statute with respect to removal is 28 U.S.C. § 1441. Section 1441 provides, in relevant part, that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

As shown above, to remove an action to the district court under § 1441, the plaintiff must first establish that the district court has original jurisdiction.

The law is well established that "a federal court has no jurisdiction to probate a will or administer an estate . . . ." *Markham v. Allen*, 326 U.S. 490, 494 (1946). State probate courts have

exclusive jurisdiction over such matters. *Lepard v. NBD Bank*, 384 F.3d 232, 237 (6th Cir. 2004). Because the district court lacks jurisdiction, the plaintiff may not remove his pending state probate action to the district court.

## 42 U.S.C. § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). The Probate Court is the sole defendant to this action. Courts are not persons for purposes of § 1983. *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993). Therefore, the plaintiff cannot establish a *prima facie* case under § 1983.

## 42 U.S.C. § 1985(3)

Title 42 U.S.C. § 1985 consists of three parts. Section 1985(3) pertains to conspiracies aimed at interfering with rights that are protected against private as well as official encroachment, *Carpenters and Joiners of America, Local 610, AFL-CIO, et al. v. Scott*, 463 U.S. 825, 833 (1983), based on some racial, or otherwise class-based, invidiously discriminatory animus, *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The plaintiff does not allege, nor can it be liberally construed from the complaint, that he has been discriminated against for racial and/or class-based reasons. Consequently, the plaintiff has failed to make a *prima facie* showing under § 1985(3).

## Conclusion

The complaint lacks an arguable basis in law or fact. Therefore, this action will be dismissed

2

as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

An appropriate Order will be entered.

                                             Todd Campbell
                                             United States District Judge